JONATHON M. MARK,

                Plaintiff,

  v.                               Case No. 25-cv-259-pp
                                     Appeal No. 26-2218

JENNA BAUMGARTNER, *et al.*,

                Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING APPELLATE FILING FEE (DKT. NO. 17)

On October 29, 2025, the court issued an order and entered judgment dismissing this case. Dkt. Nos. 9, 10. The plaintiff filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), dkt. no. 12, which the court denied on May 19, 2026, dkt. no. 15. On June 5, 2026, the plaintiff filed a notice of appeal, dkt. no. 16, and a motion for leave to appeal without prepaying the appellate filing fee, dkt. no. 17. This order denies the plaintiff's motion to proceed without prepaying the filing fee.

Under the Prison Litigation Reform Act (PLRA), an incarcerated person must pay the applicable filing fees in full for a civil case. 28 U.S.C. §1915(b). If the incarcerated person does not have the money to pay the $605 filing fee in advance for an appeal, he can request the court for permission to proceed without prepayment. There are three grounds for denying an incarcerated appellant's request to proceed without prepaying the filing fee: the incarcerated

1

person has not shown that he is indigent, he has filed the appeal in bad faith or he has "three strikes." <u>See</u> 28 U.S.C. §§1915(a)(2)-(3), (g).

Under the PLRA, an incarcerated person may not bring a civil lawsuit or appeal a civil judgment without prepaying the filing fee:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). Commonly known as the "three-strikes" provision, an incarcerated individual is said to have "struck out" once he or she has accrued three strikes under this section.

Court records show that the plaintiff has accumulated more than three strikes: (1) <u>Mark v. Zagorski</u>, Case No. 24-cv-430-pp (dismissed on September 20, 2024 for failure to state a claim); (2) <u>Mark v. Zagorski</u>, Case No. 24-cv-404-pp (dismissed on November 20, 2024 for failure to state a claim); (3) <u>Mark v. Baumgartner</u>, Case No. 25-cv-259-pp (dismissed on October 29, 2025 for failure to state a claim); (4) <u>Mark v. Zagorski</u>, Case No. 25-cv-308-pp (dismissed on October 29, 2025 for failure to state a claim); (5) <u>Mark v. Fry</u>, Case No. 25-cv-386-pp (dismissed on October 29, 2025 for failure to state a claim); (6) <u>Mark v. Schmidt</u>, Case No. 25-cv-392-pp (dismissed on October 29, 2025 for failure to state a claim); and (7) <u>Mark v. Bukowiec</u>, Case No. 25-cv-927-pp (dismissed on October 29, 2025 for failure to state a claim).

The plaintiff does not allege any facts showing that he is in imminent danger of serious physical injury. The plaintiff's notice of appeal states that he

2

appeals the order denying his motion to alter or amend judgment. Dkt. No. 16. The plaintiff currently is incarcerated at the Wisconsin Secure Program Facility, and the complaint concerns events that occurred when he was confined at the Fond du Lac County Jail. Dkt. No. 1. The plaintiff has not alleged that he is in imminent danger of serious physical injury, so he is not eligible for the "imminent danger of serious physical injury" exception to the "three strikes" provision under 28 U.S.C. §1915(g). The court will deny his motion for leave to proceed on appeal without prepaying the filing fee.

The plaintiff incurred the filing fee by filing the notice of appeal. Newlin v. Helman, 123 F.3d 429, 433-34 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). The fact that this court is denying the request to proceed on appeal without prepaying the appellate filing fee means that the full fee of $605 is due within fourteen days of this order. Id.; Seventh Circuit Rule 3(b). Failure to pay the filing fee in full within the time limit may result in the Court of Appeals dismissing the appeal. Newlin, 123 F.3d at 434.

The court **DENIES** the plaintiff's motion for leave to proceed on appeal without prepaying the filing fee. Dkt. No. 17.

The court **ORDERS** that by the end of the day on **June 25, 2026**, the plaintiff must forward to the Clerk of Court the full appellate filing fee of $605. The payment must be clearly identified by the case name and number assigned to this case. If the plaintiff does not pay the $605 appellate filing fee by the end of the day on June 25, 2026, the Court of Appeals may dismiss his appeal.

The court will provide a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the court's electronic filing system.

Dated in Milwaukee, Wisconsin this 11th day of June, 2026.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

Case 2:25-cv-00259-PP    Filed 06/11/26    Page 4 of 4    Document 21