JONATHON M. MARK,

                        Plaintiff,

    v.                                                    Case No. 25-cv-259-pp
                                                        Appeal Nos. 26-2218, 26-2380
JENNA BAUMGARTNER, *et al.*,

                        Defendants.

---

**ORDER DECLINING TO RULE ON PLAINTIFF'S MOTION TO ALTER OR
AMEND JUDGMENT AND MOTION FOR RECONSIDERATION (DKT. NO. 24)**

---

On October 29, 2025, the court issued an order and entered judgment

dismissing this case. Dkt. Nos. 9, 10. The plaintiff filed a motion to alter or

amend judgment under Federal Rule of Civil Procedure 59(e), dkt. no. 12,

which the court denied on May 19, 2026, dkt. no. 15. On June 5, 2026, the

plaintiff filed a notice of appeal, dkt. no. 16, and a motion for leave to appeal

without prepaying the appellate filing fee, dkt. no. 17. On June 11, 2026, the

court denied the plaintiff's motion to proceed on appeal without prepaying the

appellate filing fee under 28 U.S.C. §1915(g) because court records showed that

he had accumulated more than three strikes[1] (he has had three or more cases

---

[1] Court records show that the plaintiff has accumulated more than three
strikes: (1) <u>Mark v. Zagorski</u>, Case No. 24-cv-430-pp (dismissed on September
20, 2024 for failure to state a claim); (2) <u>Mark v. Zagorski</u>, Case No. 24-cv-404-
pp (dismissed on November 20, 2024 for failure to state a claim); (3) <u>Mark v.
Baumgartner</u>, Case No. 25-cv-259-pp (dismissed on October 29, 2025 for
failure to state a claim); (4) <u>Mark v. Zagorski</u>, Case No. 25-cv-308-pp (dismissed
on October 29, 2025 for failure to state a claim); (5) <u>Mark v. Fry</u>, Case No. 25-
cv-386-pp (dismissed on October 29, 2025 for failure to state a claim); (6) <u>Mark
v. Schmidt</u>, Case No. 25-cv-392-pp (dismissed on October 29, 2025 for failure

dismissed on the grounds that the complaint failed to state a claim) and because he didn't allege any facts showing that he was in imminent danger of serious physical injury. Dkt. No. 21 at 2. The plaintiff now has filed a motion for reconsideration of the court's order denying his motion to proceed without prepaying the filing fee on appeal. Dkt. No. 24. He states that he is challenging this court's decisions giving him "strikes" in this case and six other cases and requests that the court withdraw its order denying his motion to proceed without prepaying the filing fee on appeal. Id. at 1-4.

This case is now on appeal, and this court lacks jurisdiction to consider the plaintiff's motion. See Hughes v. Farris, 809 F.3d 330, 333 (7th Cir. 2015) (citing Ameritech Corp. v. Int'l Bhd. of Elec. Workers, Local 21, 543 F.3d 414, 418 (7th Cir. 2008)); see also Boyko v. Anderson, 185 F.3d 672, 674 (7th Cir. 1999) (filing of an appeal deprives district court of jurisdiction over the case); Edwards v. Staniec, Case No. 08-cv-352, 2009 WL 10726318, at *1 (W.D. Wis. Nov. 16, 2009) (denying plaintiff's motion for reconsideration of order denying him leave to proceed on appeal without prepaying the appellate filing fee because district court lacked jurisdiction to consider it). Under the Federal Rules of Appellate Procedure, the plaintiff had thirty days from service of this court's order denying his motion to proceed without prepaying the appellate filing fee in which to file directly in the court of appeals a motion to proceed without prepaying the appeal fee. Fed. R. App. P. 24(a)(5). Court records show

---

to state a claim); and (7) Mark v. Bukowiec, Case No. 25-cv-927-pp (dismissed on October 29, 2025 for failure to state a claim). Dkt. No. 21 at 2.

2

that on June 26, 2026, the plaintiff filed such a motion in his appeal. <u>Mark v. Baumgartner</u>, Appeal No. 26-2218, Dkt. No. 4 (7th Cir. June 26, 2026).

Even if the court retained jurisdiction to consider the plaintiff's motion, it would deny it. The court's May 19, 2026 order addressed the plaintiff's contention that the court erred in dismissing this case for failure to state a claim. Dkt. No. 15. The plaintiff's instant motion appears to be an attempt to reconsider that order as well as the court's decisions in other cases. The court's decision denying the plaintiff's motion to proceed without prepaying the filing fee on appeal is based on the court's determination that at least three of his prior cases were dismissed for failure to state a claim. <u>See</u> 28 U.S.C. §1915(g). The plaintiff has not shown that the court erred in making that determination.

The court **DECLINES TO RULE** on the plaintiff's motion to alter or amend judgment and motion for reconsideration because this case is now on appeal and the court lacks jurisdiction to decide the plaintiff's motion. Dkt. No. 24.

Dated in Milwaukee, Wisconsin this 24th day of July, 2026.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3